IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00104-GPG

MICHAEL D. MONTGOMERY,

    Plaintiff,

v.

DEBORAH DENHAM, Warden,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Michael D. Montgomery, is a prisoner in the custody of the Federal Bureau of Prisons. He currently is housed at the Federal Correctional Institution at Englewood ("FCI-Englewood"). Mr. Montgomery has filed *pro se* a Prisoner Complaint (ECF No. 4) challenging a management variable that allegedly affects his classification and placement. As relief he asks that the management variable be removed so he can return to a prison camp.

    Mr. Montgomery has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Montgomery's claim is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the complaint liberally because Mr. Montgomery is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Montgomery alleges that he was housed at a federal prison camp in Florence, Colorado, in October 2013 when another inmate escaped. He further alleges that he was questioned about the escape and placed in the special housing unit for eleven weeks while prison officials investigated. Mr. Montgomery asserts that he was cleared of any involvement in the escape at the conclusion of the investigation in January 2014 and was eligible to return to the Florence prison camp. However, he contends that the Florence camp administrator, Mr. Griggs, unilaterally and arbitrarily imposed a twenty-four-month management variable that prevented Mr. Montgomery from returning to the prison camp. According to Mr. Montgomery, he is housed at FCI-Englewood, a low security federal prison, rather than a prison camp because of the management variable even though he has never received a write-up, has a custody level of four points, and has been a model prisoner.

Mr. Montgomery asserts one claim for relief in the Prisoner Complaint against FCI-Englewood Warden Deborah Denham seeking removal of the management variable so he can be returned to a prison camp. He asserts the claim pursuant to

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "Under *Bivens*, an individual has a cause of action against a federal official in [her] individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Mr. Montgomery does not request damages as relief and he does not allege facts that would support a claim against Warden Denham in her individual capacity. Therefore, whatever claim Mr. Montgomery is asserting is not a proper *Bivens* claim. However, the Court has jurisdiction over a constitutional claim for injunctive or mandamus relief by a federal prisoner against a prison official in her official capacity. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-36 (10th Cir. 2005). Thus, the Court construes the Prisoner Complaint liberally as asserting a constitutional due process claim against Warden Denham in her official capacity.

The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Mr. Montgomery does not allege that he has been deprived of life or property. Therefore, the relevant question is whether he has been deprived of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution itself or from

an expectation created by state law or prison policies.  *See Sandin*, 515 U.S. at 483-84; *Rezaq v. Nalley*, 677 F.3d 1001, 1011 (10th Cir. 2012).

Mr. Montgomery's placement in a low security federal prison rather than a prison camp does not implicate a liberty interest that arises under the Constitution itself because prisoners are not entitled to any particular degree of liberty.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Rezaq*, 677 F.3d at 1011.  In short, the Due Process Clause does not protect every change in the conditions of confinement that has an adverse impact on the prisoner.  *See Meachum*, 427 U.S. at 224.  Thus, Mr. Montgomery can demonstrate the existence of a constitutionally protected liberty interest only if the conditions of his confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Rezaq*, 677 F.3d at 1011.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increase the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

In *Rezaq*, the United States Court of Appeals for the Tenth Circuit considered the *DiMarco* factors and concluded that four federal prison inmates did not have a cognizable liberty interest in avoiding confinement at "the most restrictive and secure prison operated by the [Bureau of Prisons]."  *Rezaq*, 677 F.3d at 1005, 1011-17.  In light of the Tenth Circuit's opinion in *Rezaq*, the Court cannot conclude that Mr. Montgomery's placement at a low security federal prison for twenty-four months

imposes atypical and significant hardship in relation to the ordinary incidents of prison life.  Thus, Mr. Montgomery has not been deprived of a constitutionally protected liberty interest and the due process claim will be dismissed as legally frivolous.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   25th   day of    February     , 2015.

BY THE COURT:

   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court